


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LANELL CRAFT, CURTIS FLOWERS, JOE GANT, individually, and on behalf of RASHEED GANT, MARCUS JORDAN, DAVID STEWART, LARRY WILKINS, MARY WILKINS, SHARON WILKINS, individually, and on behalf of JOSEPH WILKINS,<br><br>Plaintiffs,<br><br>v.<br><br>COREY FLAGG, EURAL BLACK, DAREK HAYNES, BRODERICK JONES, SARGEANT ROBERT O'NEIL, OFFICER WILLIAM MULLEN STAR NO.12673, OFFICER SHANNON STAR NO. 16066, OFFICER HEIN, STAR NO. 19700, OFFICER WASZAK STAR NO. 19258, OFFICER WOJTAN STAR N O. 8548, OFFICER SANELLO 17661 and the CITY OF CHICAGO,<br><br>Defendants. | **06CV1451**<br>**JUDGE GETTLEMAN**<br>**MAGISTRATE KEYS** |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, by and through the LAW OFFICES OF BLAKE HORWITZ, LTD., and pursuant to this Complaint at Law, state the following against the above named Defendants, to wit COREY FLAGG, EURAL BLACK, DAREK HAYNES, BRODERICK JONES (hereinafter, the "DEFENDANT OFFICERS #1") OFFICERS SARGEANT ROBERT O'NEIL, OFFICER WILLIAM MULLEN, OFFICER SHANNON, OFFICER HEIN, WASZAK, OFFICER WOJTAN, OFFICER SANELLO (DEFENDANT OFFICERS #2) and the CITY OF CHICAGO:

1

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, 18 U.S.C. §1961 et seq; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## INTRODUCTION

2. This is a cause of action seeking damages for the misconduct of police officers for the City of Chicago, through, *inter alia,* a pattern of racketeering activity against the Plaintiffs. The acts of misconduct, committed by said officers include, but are not limited to: false arrest, falsification of police reports, intimidation of witnesses, extortion, deprivation of due process and violations of the Fourth and Fourteenth Amendment of the United States Constitution.

3. The DEFENDANT OFFICERS are being sued in their individual capacities.

## PARTIES

4. Plaintiff LANELL CRAFT is a resident of State of Illinois and a citizen of the United States.

5. Plaintiff CURTIS FLOWERS is a resident of the State of Illinois and a citizen of the United States.

6. Plaintiff JOE GANT is a resident of the State of Illinois and a citizen of the United States.

7. Plaintiff RASHEED GANT is a resident of the State of Illinois and a citizen of the United States.

8. Plaintiff MARCUS JORDAN is a resident of the State of Illinois and a citizen of the United States.

9. Plaintiff DAVID STEWART is a resident of the State of Illinois and a citizen of the United States.

10. Plaintiff LARRY WILKINS is a resident of the State of Illinois and a citizen of the United States.

11. Plaintiff MARY WILKINS is a resident of the State of Illinois and a citizen of the United States.

12. Plaintiff SHARON WILKINS is a resident of the State of Illinois and a citizen of the United States.

13. Plaintiff JOSEPH WILKINS is a resident of the State of Illinois and a citizen of the United States.

14. All of the DEFENDANT OFFICERS were at all times relevant hereto, officers of the CITY OF CHICAGO.

## ALLEGATIONS OF MISCONDUCT

15. The DEFENDANT OFFICERS formed a cell of police officers who, while working for the CITY OF CHICAGO, used the power of their office to generate revenue and acquire controlled substances.

16. The above-referenced cell constituted an enterprise, pursuant to 18 U.S.C.A. § 1961, in that it was a group of individuals associated in fact although not a legal entity.

17. One scheme used by the DEFENDANT OFFICERS was to engage in and/or attempt to engage in drug transactions, whereby the DEFENDANT OFFICERS would lure unsuspecting drug dealers to participate in drug transaction(s) and then take and/or attempt to take their money and drugs, in a phony sting type operation.

18. Another scheme used by the DEFENDANT OFFICERS utilized excessive force and extortion: causing innocent civilians to believe that they were going to be charged with crimes, *e.g.* drug possession, if they did not hand over money. If the innocent civilian(s) tendered the money to the officer, then he/she would not be arrested for drug possession. The DEFENDANT OFFICERS used the power of their office to realize this scheme, arresting and/or threatening to arrest innocent civilian(s) in the event of non-compliance. These OFFICERS would use tools (*e.g.* handcuffs, weapons) provided to them by the CITY OF CHICAGO to facilitate this scheme.

19. The latter scheme was utilized by the DEFENDANT OFFICERS through DEFENDANT FLAGG in order to extort substantial sums of money from the PLAINTIFFS to this cause. Upon information and belief, from on or about January, 2004 to on or about January 28, 2005, DEFENDANT FLAGG, as an agent for the DEFENDANT OFFICERS and at times, upon information and belief, with the DEFENDANT OFFICERS, entered the home of the Plaintiffs and ordered them to immediately tender money to DEFENDANT FLAGG.

20. DEFENDANT FLAGG, as an agent for and with the other DEFENDANT OFFICER(s) and to bring revenues to this four member cell, would enter the home, handcuff innocent family members, throw them on the ground and coerce money from them with the express threat of an official arrest and lodging of criminal charges (drug possession) if money was not tendered to DEFENDANT FLAGG immediately.

21. DEFENDANT FLAGG, as an agent for and with the other DEFENDANT OFFICER(s), would come to the home of the Plaintiffs at a time when he knew that Plaintiffs would receive social security checks and/or checks for salaried employment, knowing that this

was a time to reap significant financial return given the increased moneys at the home of the Plaintiffs.

22. The DEFENDANT OFFICERS participated in these schemes, to intimidate, arrest and extort money out of innocent civilians living in the City of Chicago.

23. According to a federal criminal complaint filed by the United States Government on January 26, 2005, as part and parcel of the scheme of extortion, the DEFENDANT OFFICERS, from July 2004 to December 2004, conspired with each other knowingly and intentionally, with the intent to distribute controlled substances, namely, five kilograms of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance. This was done in furtherance of a conspiracy by said DEFENDANT OFFICERS to generate income for themselves so that they can continue to perpetuate their illegal activity as a group enterprise.

24. Also, according to said criminal complaint, the following illegal activity allegedly occurred: on July 21, 2004, DEFENDANTS JONES, FLAGG and BLACK attempted to ripoff five kilograms of cocaine; on August 16, 2004, DEFENDANTS JONES and FLAGG ripped off drugs and/or money; on September 4, 2004, DEFENDANTS JONES and FLAGG attempted to ripoff at least two kilograms of cocaine and $10,000; and, on September 8, 2004, DEFENDANTS JONES, FLAGG and HAYNES attempted to ripoff at least three kilograms of cocaine and at least $50,000.

25. This conduct, as evidenced by said criminal complaint and witness substantiation and affidavit(s) in connection thereto, is further evidence of the scheme, conspiratorial conduct and collective thought processes of the DEFENDANT OFFICERS.

26. A specific example of cocaine involvement with regard to DEFENDANT FLAGG, as the agent for his collaborators, concerns the case of PLAINTIFF LARRY WILKINS.

27. On August 6, 2004, DEFENDANT FLAGG caused PLAINTIFF LARRY WILKINS to be charged with possession of cocaine by planting said cocaine on his person and/or in his home. PLAINTIFF LARRY WILKINS did not possess the cocaine prior to DEFENDANT FLAGG placing it on his person and/or in his home.

28. DEFENDANT FLAGG, as part of the scheme and enterprise referenced above, told PLAINTIFFS on many occasions, that if any of them alerted authorities to the acts of misconduct perpetrated by DEFENDANT FLAGG (i.e. extortion, planting of drugs), DEFENDANT FLAGG would cause them to be charged with criminal activity.

29. The above-referenced conduct amounted to witness tampering, in violation of 18 U.S.C. §1512, in that DEFENDANT FLAGG knowingly used intimidation, threatened, or corruptly persuaded Plaintiffs, or attempted to do so, or engaged in misleading conduct toward Plaintiffs, with intent to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense.

30. The pattern and practice undertaken by the enterprise to engage in this illegal behavior occurred continuously from on or about January, 2004 to on or about January 28, 2005.

31. The DEFENDANT OFFICERS by and through their positions as police officers for the CITY OF CHICAGO participated in the conduct complained of through a pattern of racketeering activity and conspired among themselves and others.

32. By engaging in racketeering activity, the DEFENDANT OFFICERS violated 18 U.S.C. § 1962.

33. By conducting racketeering activity as described above, the DEFENDANT OFFICERS violated the following criminal laws: Conspiracy to Distribute Controlled Substances Containing Cocaine in Violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; Possession of Cocaine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1); Extortion, in violation of 18 U.S.C. § 1951; and witness tampering, in violation of 18 U.S.C. § 1512.

34. The DEFENDANT OFFICERS participated in the conduct of the CITY OF CHICAGO Police Department through a pattern of racketeering activity and conspired among themselves and others to do the same.

35. In relation to the Plaintiffs to this cause, the DEFENDANT OFFICERS engaged in this activity while in the course of their employment.

36. The conduct of the DEFENDANT OFFICERS amounts to an unreasonable seizure of the Plaintiffs in violation of the Fourth Amendment to the United States Constitution.

37. The conduct of the DEFENDANT OFFICERS amounts to a deprivation of due process in violation of the 14th Amendment to the United States Constitution.

38. On various dates, between on or about January, 2004 to on or about January 28, 2005, the DEFENDANT FLAGG physically assaulted Plaintiffs. This conduct constituted an unreasonable seizure of Plaintiffs in violation of the Fourth Amendment to the United States Constitution.

39. On or about January, 2004 to on or about January 28, 2005, Plaintiffs did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

40. The use of force initiated by the DEFENDANT OFFICERS and the failure to intervene in the use of said force, caused an excessive amount of force to be inflicted onto the body of Plaintiffs. Said force was unreasonable and unnecessary.

41. Also, the Defendants conspired to injure Plaintiffs by:

    a. agreeing not to report each other after witnessing illegal conduct of the DEFENDANT OFFICERS; and/or

    b. generating false documentation to cover-up for their own misconduct.

42. In connection with the above conspiracy, the Defendants specifically engaged in communication on or about the date of the Plaintiff's arrest, whereby the Defendants agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the Defendants by and through their conduct, proximately caused the Plaintiff to be charged with criminal allegations, incur financial loss, including attorney's fees and, inter alia, suffer emotional damage.

43. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFFS were caused to suffer serious and permanent pain, suffering and mental anguish both now and in the future.

44. For all relevant times, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint, duly appointed and were sworn police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of their employment and while they were on duty. The DEFENDANT OFFICERS are sued in their individual capacity.

45. It is the custom, practice and policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions:

    a. Supervisory individuals from the CITY OF CHICAGO fail to properly discipline officers who engage in illegal activity;

8

    b. Supervisory individuals from the CITY OF CHICAGO fail to properly investigate complaints concerning the type of conduct alleged in this complaint;

    c. Supervisory individuals from the CITY OF CHICAGO fail to take proper remedial action against CITY OF CHICAGO police officers once it is determined that he/she has engaged in illegal activity.

46. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF CHICAGO in order to permit said conduct to re-occur. A code of silence exists between the officers of said police department so as to obstruct the legal process, to wit, honest information from coming forward relative to acts of misconduct.

47. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers referred to in this Complaint, as indicated in the *Monell* claim alleged herein. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

48. As a direct and proximate result of the racketeering violations described above, Plaintiffs have been injured in their business and/or property.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers, jointly and severally, for compensatory damages, treble damages, attorney's fees and any and all other further relief this Court deems just and proper.

## COUNT I – RICO

49. Plaintiff re-alleges paragraphs 1 – 48 as though fully set forth herein.

50. The actions of the DEFENDANT OFFICERS, collectively and through a common scheme to defraud, caused the Plaintiffs to this action to suffer a business/financial loss.

51. The predicate acts for this cause of action are demonstrated by the fact that the DEFENDANT OFFICERS have engaged in the same scheme, as alleged above, on at least 15 occasions.

52. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, Plaintiff demands treble damages, jointly and severally, from the DEFENDANT OFFICERS, punitive damages, costs and attorney's fees. Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT II
## § 1983 Conspiracy Claim

53. Plaintiffs re-allege paragraphs 1-48 as though fully set forth herein.

54. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the laws set forth in the United States Constitution, *inter alia* the Fourth and Fourteenth Amendment.

10

WHEREFORE, Plaintiffs demand compensatory damages, jointly and severally, from the DEFENDANT OFFICERS, punitive damages and attorney's fees and costs. Plaintiffs also demand whatever additional relief this Court deems equitable and just.

## COUNT III
### § 1983 False Arrest Claim

55. Plaintiffs re-allege paragraphs 1 – 48 as though fully set forth herein.

56. The actions of the DEFENDANT OFFICERS caused the arrests of the Plaintiffs without probable cause to believe that Plaintiffs had committed criminal activity. The DEFENDANT OFFICERS' conduct was in violation of the Fourth Amendment to the United States Constitution.

57. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, Plaintiffs demand compensatory damages from the DEFENDANT OFFICERS, punitive damages, costs and attorney's fees. Plaintiffs also demand whatever additional relief this Court deems equitable and just.

## COUNT IV
### § 1983 Conspiracy Claim

58. Plaintiffs re-allege paragraphs 1-48 as though fully set forth herein.

59. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the laws set forth in the United States Constitution, *inter alia* the Fourth and Fourteenth Amendment.

WHEREFORE, Plaintiffs demand compensatory damages, jointly and severally, from the DEFENDANT OFFICERS, punitive damages and attorney's fees and costs. Plaintiffs also demand whatever additional relief this Court deems equitable and just.

## COUNT V
## Fourteenth Amendment Due Process Claim

60. Plaintiffs re-allege paragraphs 1 – 48 as though fully set forth herein.

WHEREFORE, Plaintiffs demands compensatory damages from the DEFENDANT OFFICERS, punitive damages, costs and attorney's fees. Plaintiffs also demands compensatory damages against the CITY OF CHICAGO, costs and attorney's fees and demand whatever additional relief this Court deems equitable and just.

## COUNT VI
## §1983 Excessive Force

61. Plaintiffs re-allege paragraphs 1 – 48 as though fully set forth herein.

62. The actions of the DEFENDANT OFFICERS amount to an excessive use of force onto the Plaintiffs. This conduct violated the Plaintiffs' Fourth Amendment right to be free from unreasonable seizure.

63. The aforementioned actions of said officers were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiffs demand compensatory damages from the DEFENDANT OFFICERS. Plaintiffs also demand punitive damages, costs and attorney's fees against said Defendants. Plaintiffs also demand whatever additional relief this Court deems equitable and just.

## COUNT VII – *Monell*

64. Plaintiffs re-allege paragraphs 1 – 48 as though fully set forth herein.

WHEREFORE, Plaintiffs demands compensatory damages, costs and attorney's fees against the CITY OF CHICAGO. Plaintiffs also demand whatever additional relief this Court deems equitable and just.

## COUNT VIII
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

65. Plaintiffs re-allege paragraphs 1-48 as though fully set forth herein.

66. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

67. The DEFENDANT OFFICERS as alleged above, committed the acts under color of law and in the scope of their employment as employees for the CITY OF CHICAGO.

WHEREFORE, should DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay them any judgment obtained against said DEFENDANT OFFICERS as a result of this complaint.

## COUNT IX
## §1983 False Arrest

68. Plaintiffs re-allege paragraphs 1 – 48 as though fully set forth herein.

69. With regard to LARRY WILKINS, the following other officers, were also involved, along with COREY FLAGG, in the August 6, 2004 arrest of LARRY WILKINS: OFFICER SARGEANT ROBERT O'NEIL, OFFICER WILLIAM MULLEN, OFFICER SHANNON, OFFICER HEIN, WASZAK, OFFICER WOJTAN, OFFICER SANELLO.

70. These officers knew that there was no probable cause to arrest LARRY WILKINS as LARRY WILKINS did not possess contraband on said date. Notwithstanding their knowledge, these officers collectively and in conspiracy, participated in the arrest of LARRY WILKINS, causing LARRY WILKINS to be in custody for approximately 8 months.

71. These officers were aware that contraband in the form of cocaine and guns were planted on LARRY WILKINS by one of these officers, probably COREY FLAGG.

72. LARRY WILKINS was released after the approximate 8 month term in jail whereupon the charges relative to August 6, 2004 arrest were dismissed.

73. The actions of the DEFENDANT OFFICERS amount to an unreasonable seizure of LARRY WILKINS. This conduct violated LARRY WILKINS' Fourth Amendment right to be free from unreasonable seizure.

74. The aforementioned actions of said officers were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiffs demand compensatory damages from DEFENDANT OFFICERS #2. Plaintiffs also demand punitive damages, costs and attorney's fees against said Defendants. Plaintiffs also demand whatever additional relief this Court deems equitable and just.

## COUNT X
## §1983 False Arrest - Conspiracy

75. Plaintiffs re-allege paragraphs 1 – 48 as though fully set forth herein.

76. DEFENDANT OFFICERS #2 collaborated in conspiracy with each other, along with COREY FLAGG, to arrest LARRY WILKINS. These officers knew, on the date of the arrest, that guns and drugs were planted on LARRY WILKINS and did nothing.

77. The collaboration between the officers (meaning, specific communication between the officers) began on August 6, 2004 and thereafter. The collaboration was designed to ensure that LARRY WILKINS would be criminally charged with a possession of cocaine and gun possession, even though these items were planted on LARRY WILKINS.

78. These officers collaborated in the traditional "code of silence" used by Chicago Police Officers for the purpose of helping each other out when illegal activity is committed by these officers.

79. These officers knew that there was no probable cause to arrest LARRY WILKINS as LARRY WILKINS did not possess contraband on said date. Notwithstanding their knowledge, these officers collectively and in conspiracy, participated in the arrest of LARRY WILKINS, causing LARRY WILKINS to be in custody for approximately 8 months.

80. LARRY WILKINS was released after the approximate 8 month term in jail whereupon the charges were dismissed.

81. The actions of the DEFENDANT OFFICERS amount to an unreasonable seizure of LARRY WILKINS. This conduct violated LARRY WILKINS' Fourth Amendment right to be free from unreasonable seizure.

82. The aforementioned actions of said officers were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiffs demand compensatory damages from DEFENDANT OFFICERS #2. Plaintiffs also demand punitive damages, costs and attorney's fees against said Defendants. Plaintiffs also demand whatever additional relief this Court deems equitable and just.

## COUNT XI
## §1983 Deprivation of Due Process

83. Plaintiffs re-allege paragraphs 1 – 48 as though fully set forth herein.

84. DEFENDANT OFFICERS #2 collaborated in conspiracy with each other, along with COREY FLAGG, to arrest LARRY WILKINS. These officers knew, on the date of the arrest, that guns and drugs were planted on LARRY WILKINS and did nothing.

15

85. The collaboration between the officers (meaning, specific communication between the officers) began on August 6, 2004 and thereafter. The collaboration was designed to ensure that LARRY WILKINS would be criminally charged with a possession of cocaine and gun possession, even though these items were planted on LARRY WILKINS.

86. These officers collaborated in the traditional "code of silence" used by Chicago Police Officers for the purpose of helping each other out when illegal activity is committed by these officers.

87. These officers knew that there was no probable cause to arrest LARRY WILKINS as LARRY WILKINS did not possess contraband on said date. Notwithstanding their knowledge, these officers collectively and in conspiracy, participated in the arrest of LARRY WILKINS, causing LARRY WILKINS to be in custody for approximately 8 months.

88. LARRY WILKINS was released after the approximate 8 month term in jail whereupon the charges were dismissed. This term of incarceration, along with the malevolent acts of DEFENDANT OFFICERS #2 (with COREY FLAGG) violates fundamental constitutional rights possessed by Plaintiff LARRY WILKINS.

89. The actions of the DEFENDANT OFFICERS deprived LARRY WILKINS of the rights guaranteed to LARRY WILKINS by the 14th Amendment to the United States Constitution.

90. The aforementioned actions of said officers were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiffs demand compensatory damages from DEFENDANT OFFICERS #2. Plaintiffs also demand punitive damages, costs and attorney's fees against said Defendants. Plaintiffs also demand whatever additional relief this Court deems equitable and just.

Plaintiffs demand trial by jury.

Respectfully Submitted,

Blake Horwitz
One of the Attorneys for Plaintiffs

THE LAW OFFICES OF BLAKE HORWITZ, LTD.
Blake Horwitz, Esq.
Amanda Yarusso, Esq.
Tali Albukerk, Esq.
155 N. Michigan, #714
Chicago, IL 60601
(312) 616-4433