IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LANELL CRAFT, et al., )
) No. 06 C 1451
Plaintiffs, )
)
) Judge Robert W. Gettleman
vs. )
)
) Magistrate Judge
CITY OF CHICAGO, et al., ) Arlander Keys
)
Defendants. )

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Plaintiff's Motion to Lift the Stay of Proceedings. Plaintiff filed suit against the City of Chicago and eleven Chicago Police Officers, alleging various federal claims. Several of the individual officers named as Defendants in this civil suit are also currently under indictment for similar allegations in *United States v. Jones, et al.*, No. 05 CR 70, which is currently pending before Judge Ronald Guzman.

On July 28, 2006, Defendant Broderick Jones filed a motion to stay these civil proceedings, pending the termination of the related criminal case. Defendant Haynes joined that motion in open court, on August 10, 2006. Judge Gettleman granted the Motion as to the indicted Defendant Police Officers Haynes, Black, and Jones, and allowed discovery to proceed as to the remaining non-indicted Defendant Police Officers and the City of Chicago. Judge Gettleman stated that "if they're acquitted, obviously, then we don't need the stay. If they're convicted, we

probably have to keep the stay until an appeal is, of course, trial and appeal and all the rest of that stuff as far as they are concerned." Trans. 8/10/06 Status at p. 7.

On October 3, 2006, Plaintiff filed a Motion to Lift the Stay of Proceedings as to Defendants Haynes and Jones, because these Defendants had entered guilty pleas in the criminal case. These Defendants object to Plaintiff's Motion as premature, and the Court agrees.

"[T}he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal matter, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination." *The Securities and Exchange commission v. Dresser Indust. Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980). A litigant's Fifth Amendment privilege against self-incrimination is not extinguished simply because he enters a guilty plea. *Mitchell v. United States,* 526 U.S. 314, 119 S.Ct. 1307, 1313 (1999) (rejecting the Third Circuit's ruling that "'incrimination is complete once guilt has been adjudicated.'") "Where the sentence has not yet been imposed a defendant may have a legitimate fear of adverse consequences from further testimony." 119 S.Ct. at 1314. The Fifth Amendment's protection against self-incrimination applies until "the sentence

has been fixed and the judgment of conviction has become final." *Id.*

Pursuant to the Supreme Court's decision in *Mitchell*, the Court concludes that Defendants' guilty pleas do not extinguish the concerns giving rise to the entry of the stay in the first instance - ie, their Fifth Amendment right against self-incrimination throughout the entire criminal proceeding. The district court has not entered a judgment against these Defendants, the Defendants have not been sentenced, and the Defendants have not waived their right to appeal. Throughout this process, Defendants are entitled to assert their right to remain silent under the Fifth Amendment; permitting discovery in this civil matter would improperly compromise that right. Therefore, the Court rejects Plaintiff's request to lift the stay.

## CONCLUSION

For the Reasons set forth above, Plaintiff's Motion to Lift the Stay of Proceedings is DENIED.

Date: November 16, 2006 ENTER:

_____
Arlander Keys
United States Magistrate Judge

3