IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LANELL CRAFT, CURTIS FLOWERS, JOE GANT, SHARON WILKINS, individually, and on behalf of RASHI GANT, MARCUS JORDAN, DAVID STEWART, LARRY WILKINS, MARY WILKINS, SHARON GANT, JOSEPH WILKINS, and HENRY-ELLA WILLIAMS,<br><br>        Plaintiffs,<br>   v.<br><br>COREY FLAGG, EURAL BLACK, DAREK HAYNES, BRODERICK JONES, SGT. ROBERT O'NEIL, OFFICER WILLIAM MULLEN, Star No. 12673, OFFICER SHANNON, Star No. 16066, OFFICER HEIN, Star No. 19700, OFFICER WASZAK, Star No. 19258, OFFICER WOJTAN, Star No. 8548, OFFICER SANELLO 17661 and the CITY OF CHICAGO,<br><br>        Defendants. | No. 06 C 1451<br><br>Judge Robert W. Gettleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Lanell Craft, Curtis Flowers, Joe Gant, Sharon Wilkins, individually and on behalf of Rashi Gant, Marcus Jordan, David Stewart, Larry Wilkins, Mary Wilkins, Sharon Gant, Joseph Wilkins, and Henry-Ella Williams have brought a twelve count fourth amended complaint against defendants Corey Flagg, Eural Black, Darek Haynes, Broderick Jones ("Defendant Officers #1"), Sgt. Robert O'Neil, Officer William Mullen, Officer Shannon, Officer Hein, Officer Waszak, Officer Wojtan, Officer Sanello ("Defendant Officers #2") and the City of Chicago. Count I, brought by all plaintiffs against Defendant Officers #1, alleges a claim under the Racketeering Influence Corrupt Organizations Act ("RICO"). Count II, brought by all plaintiffs against Defendant Officers #1, alleges a conspiracy under 42 U.S.C. § 1983. Count III,

brought on behalf of all plaintiffs except Larry Wilkins against all defendants except the City, alleges a claim for false arrest in violation of the Fourth Amendment to the United States Constitution. Count IV, brought by all plaintiffs against Defendant Officers #1, purports to be a claim under the Fourteenth Amendment for a violation of substantive due process. Count V, brought by all plaintiffs against Defendant Officers #1, is a claim for excessive use of force in violation of the Fourth Amendment. Count VI is a Monell claim against the City of Chicago. Count VII is brought by Larry Wilkins against all defendants (except the City) alleging false arrest and Count VIII, brought by Larry Wilkins against all defendants, alleges a conspiracy to commit the false arrest. Count IX, brought by Larry Wilkins against all defendants except the City, alleges a deprivation of due process. Count X is a claim against the City for indemnity under 745 ILCS 10/9-102. Counts XI and XII are brought by Larry Wilkins (XI) and all plaintiffs (XII) alleging a § 1983 equal protection class of one claim. Defendants Officers #2 as defined in the complaint have moved to dismiss Count III, VIII, IX, XI and XII for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The City has moved to dismiss the Monell claim brought in Count VI. For the reasons discussed below, the Defendant Officers #2's motion is granted in part and denied in part. The City's motion to dismiss Count VI is denied.

## FACTS

According to the complaint, Defendant Officers #1 "formed a cell of individuals who, while working for the City of Chicago, used the power of their office to generate revenue and acquire controlled substances." The officers would lure unsuspecting drug dealers to participate in the transactions and then steal their money and drugs in a phoney sting. Defendant Officers #1 also would utilize false arrest, excessive force and extortion to cause innocent civilians to

2

believe they were going to be charged with crimes if they did not pay the officers money. Plaintiffs claim that Defendant Officers #1, particular defendant Flagg, attempted to extort substantial sums of money from plaintiffs. According to plaintiffs, Flagg would enter their homes, handcuff innocent family members, throw them on the ground and coerce money from them with the threat of arrest and charges if they did not pay.

The complaint alleges that Defendant Officers #2 were "involved" with defendant Flagg in an August 6, 2004, seizure and detention of plaintiff Larry Wilkins, knowing that there was no probable cause to arrest Wilkins and that Flagg had planted cocaine and guns on Wilkins. Since the filing of the instant action, each of Defendant Officers #1 have either pled guilty or been found guilty of federal charges for activities similar to what plaintiffs have alleged in the amended complaint.

## DISCUSSION

Defendant Officers #2's Motion to Dismiss

Defendant Officers #2 have moved to dismiss all counts brought against them. In Count III, all plaintiffs except Larry Wilkins allege that Defendant Officers #2 "caused the arrest and/or seizures of the plaintiffs without probable cause to believe that the plaintiff had committed a crime." Defendant Officers #2 have moved to dismiss Count III, arguing that the complaint fails to comply with the pleading requirements as recently stated by the Supreme Court in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955 (2007).

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading "requires only a short and plain statement of the claim showing

that the pleader is entitled to relief." Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic). Specific facts are not necessary and the statement need only give the defendant fair notice of what the claim is and the grounds on which it rests. Id. The factual allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the speculative level. Bell Atlantic, 127 S.Ct. at 1965.[1]

In the instant case, the fourth amended complaint alleges that: (1) Defendant Officers #2 "were involved, with [defendant Flagg], in an August 6, 2004, seizure and retention of plaintiff Larry Wilkins; (2) that Defendant Officers #2 knew there was no probable cause to arrest Wilkins because Wilkins did not possess contraband on that date; (3) Defendant Officers #2 were aware that contraband in the form of cocaine and guns were planted on plaintiff Wilkins by defendant Flagg; and (4) that during the arrest of Wilkins, Defendant Officers #2 seized and detained plaintiffs without probable cause in violation of the Fourth Amendment. Although certainly not a model of clear pleading, the count informs defendants of the claim brought against them-- unlawful detention and seizure on August 6, 2004, during the Larry Wilkins' arrest -- and raises the possibility of success above the speculative level. Accordingly, Defendant Officers #2's motion to dismiss Count III is denied.

In Count VII plaintiffs charge that Defendant Officers #2 collaborated in a conspiracy with each other and defendant Flagg to arrest Wilkins on August 6, 2004, resulting in Wilkins

---

[1] In response to the motion plaintiff curiously refers to the oft-quoted phrase that a complaint should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley Gibson, 355 U.S. 41, 45-46 (9157). That "observation has earned its retirement" and is no longer the standard for a 12(b)(6) motions. Bell Atlantic, 127 S.Ct. at 1969.

having been unlawfully incarcerated for eight months.[2] Defendants argue that aside from the general legal conclusion that defendants conspired, the count contains no facts to distinguish it from Count III.

Under notice pleading a claim of conspiracy must "indicate the parties, the general purpose, and approximate date of the agreement to form a conspiracy so that the defendant has notice of the charges against him." Estate of Sims v. County of Bureau, 506 F.3d 509, 517 (7th Cir. 2007). The instant complaint alleges that Defendant Officers #2 conspired with each other and Flagg to ensure that Larry Wilkins was arrested and criminally charged with possession of cocaine and guns. The specific agreement was allegedly reached on August 6, 2004. No more detail is necessary to state a claim under Estate of Sims. Accordingly, Defendant Officers #2's motion to dismiss Count VIII is denied.

In Count IX plaintiff Larry Wilkins repeats the allegations of Count VIII and asserts a claim for violation of his "substantive due process rights" under the Fourteenth Amendment. Count IX is "nothing more than a recast of his Fourth Amendment false arrest claim . . . in the guise of a substantive due process violation." McCann v. Mangialardi, 337 F.3d 782, 786 (7th Cir. 2003). A substantive due process claim cannot be maintained when a specific constitutional provision protects the rights allegedly violated. Id. (citing U.S. v. Lanier, 520 U.S. 259, 272 n. 7 (1997).

---

[2]It is unclear whether Count VIII is brought by all plaintiffs or just Larry Wilkins. The first paragraph of the count (¶ 136) states that plaintiff Larry Wilkins repeats and realleges ¶ 1-111. The prayer for relieve, however, seeks damages for all plaintiffs. The court interprets Count VIII as having been brought by all plaintiffs.

In McCann, defendant Mangialardi, a deputy chief of police, allegedly conspired with a drug dealer to plant evidence on plaintiff McCann, who was suspected of being an informant for the FBI. McCann was arrested for possession and pled guilty. He later sued Mangialardi for false arrest and violations of his Fourteenth Amendment substantive due process rights based on a deprivation of liberty from prosecution and a contrived conviction deliberately obtained from the use of false evidence. The Seventh Circuit held that his claim was for malicious prosecution rather than a due process violation, and the existence of a tort claim under state law prevented a constitutional theory of malicious prosecution. Id. (citing Newsome v. McCabe, 256 F.3d 747 (7th Cir. 2001).

In the instant case, plaintiff Larry Wilkins is attempting what the Seventh Circuit said McCann could not do, "an end run around the foregoing precedent by combining what are essential claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourth Amendment." Id. Accordingly, Defendant Officers #2's motion to dismiss count IX is granted.

In Counts XI and XII, plaintiff Larry Wilkins and the remaining plaintiffs plead a "class of one" equal protection claim against Defendant Officers #2 and Corey Flagg. The elements of a "class of one" claim are that: (1) a plaintiff "has been intentionally treated differently from others similarly situated;" and (2) "there is no rational basis for the difference in treatment or the cause of the differential treatment is a totally illegitimate animus toward the plaintiff by the defendant." McDonald v. Village of Winnetka, 371 F.3d 992, 1001 (7th Cir. 2000). Defendant Officers #2 argue that plaintiffs have paid lip service to these elements without pleading any facts to put defendants on fair notice of how plaintiffs were intentionally treated different from

others similarly situated, or to show that there was no rational basis for or that the different treatment was caused by an illegitimate animus. Although defendants are correct that the fourth amended complaint is short on factual allegations, it nonetheless provides sufficient notice. Plaintiffs allege that by planting evidence on Larry Wilkins defendants treated plaintiffs differently than other persons subject to arrest by these defendants, that there is no rational basis for the different treatment and that defendant's acted with an intentional illegitimate animus toward these plaintiffs. Accordingly, the court denies Defendant Officers #2's motions to dismiss Counts XI and XII.

The City of Chicago's Motion to Dismiss

The City has moved to dismiss Count VI, arguing that is seeks to impose "respondeat superior" liability against it. Count VI alleges that the City is liable for the constitutional violations of the defendant officers under Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978). A municipality is liable under Monell if its policy or custom is the "moving force" behind a constitutional violation. Board of County Commissioners v. Brown, 520 U.S. 397, 400 (1997). To succeed on a Monell claim, plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct and causal link between the municipal action and the deprivation of federal rights. Id. Three types of municipal policies can support a Monell claim: (1) an express policy; (2) a well-settled, widespread practice or custom; or (3) a decision by a municipal official with final decision making authority. McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995).

In the instant case, the complaint sets forth a laundry list of acts or omissions which, according the plaintiffs, essentially demonstrate a custom or practice of the City and the Chicago

Police Department ("CPD") of failing to investigate complaints of constitutional violations by Chicago police officers. The complaint alleges generally that there exists a "code of silence" among Chicago police officers under which officers generate false documents to cover up misconduct of fellow officers. The complaint also contains allegations of misconduct among CPD Special Operations Officers not involved in plaintiffs' arrests; inadequate oversight of CPD Officers by the Office of Professional Standards, and other allegations of general lawlessness among the CPD. Specifically, with respect to the named defendants, the complaint alleges that prior to being charged by the federal government, defendant Flagg, (1) was subject to more than ten complaints of misconduct, none of which were sustained, and (2) had been named in at least 15 separate federal law suits for civil rights violations. Defendants Black and Jones each also had been the subject of over ten complaints of misconduct, and defendant Haynes, like Flagg, had been named in 15 federal law suits alleging civil rights violations.

The City relies predominately on Judge Conlon's decision in <u>Chaparro v. Powell</u>, 2008 WL 68683 (N.D. Ill.2008), in which the plaintiff alleged that individual CPD Officers arrested him without probable cause in violation of the Fourth Amendment. The plaintiff alleged that his arrest was the result of a municipal custom of failing to investigate claims of abuse by the CPD. The complaint, which was filed by the same attorney who represents plaintiffs, contains the same general allegations as the instant complaint. Judge Conlon found that the <u>Monell</u> allegations failed to "plausibly suggest a policy cognizable under <u>Monell</u>." Judge Conlon concluded that the misconduct alleged was "so multifarious that the allegations do not identify a discreet policy or custom. Under [the plaintiff's] logic, any instance of police misconduct could be linked to an officer's imputed belief that he could escape punishment. [The plaintiff's] <u>Monell</u> theory

8

collapses into *respondeat superior* and outcome specifically forbidden by the Supreme Court." Id. at *3.

Unlike in Chaparro, however, the instant case contains more than simply general allegations of "tenuously related" instances of police misconduct. Id. The instant complaint contains specific allegations of complaints and law suits filed against Defendant Officers #1, none of which were sustained. This alleged failure to investigate complaints about the specific officers involved in the misconduct against plaintiffs provides the causal link between the alleged policy or practice and these particular plaintiffs' injuries that was found lacking by Judge Conlon in Chaparro. Id. ("Nor do Chaparro's allegations plausibly suggest a direct causal link between a municipal policy and his injury."). Accordingly, the City's motion to dismiss Count VI is denied.

## CONCLUSION

For the reasons set forth above Defendant Officers #2's motion to dismiss is granted as to Count IX and denied in all other respects. The City's motion to dismiss Count VI is denied.

**ENTER:**     **April 24, 2008**

**Robert W. Gettleman**
**United States District Judge**