IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LANELL CRAFT, CURTIS FLOWERS, JOE )
GANT, SHARON WILKINS, individually, )
and on behalf of RASHI GANT, MARCUS )
JORDAN, DAVID STEWART, LARRY )
WILKINS, MARY WILKINS, SHARON ) No. 06 C 1451
GANT, JOSEPH WILKINS, and HENRY- )
ELLA WILLIAMS, )
 )
PLAINTIFFS, ) JUDGE ROBERT W.
 ) GETTLEMAN
vs. )
 )
COREY FLAGG, EURAL BLACK, DAREK )
HAYNES, BRODERICK JONES, SARGEANT ) MAGISTRATE JUDGE
ROBERT O'NEIL, OFFICER WILLIAM ) ARLANDER KEYS
MULLEN STAR NO. 12673, OFFICER SHANNON )
STAR NO. 16066, OFFICER HEIN )
STAR NO. 19700, OFFICER WASZAK STAR )
NO. 19258, OFFICER WOJTAN STAR NO. )
8548, OFFICER SANELLO 17661, and the )
CITY OF CHICAGO, )
 )
DEFENDANTS. )

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Plaintiffs' Motion to Withdraw Admissions Pursuant to Rule 36(b). Plaintiff filed suit against the City of Chicago and eleven Chicago Police Officers, alleging various federal claims. After failing to file a timely response to Defendants' Request to Admit on two occasions, Defendants noted that the requests were deemed admitted, pursuant to the automatic operation of Federal Rule of Civil Procedure 36. Plaintiffs now move to withdraw those admissions. For the reasons set forth below, Plaintiffs' Motion is Denied.

**Background Facts**

On March 16, 2006, Plaintiffs filed a twelve-count Complaint against the Officer Defendants and the City of Chicago, alleging violations of the Racketeering Influence Corrupt Organizations Act ("RICO"); conspiracy under 42 U.S.C. § 1983; false arrest and excessive force under the Fourth Amendment of the United States Constitution; substantive due process violations under the Fourteenth Amendment; conspiracy to commit false arrest; a § 1983 equal protection class of one claim; and *Monell* and indemnity claims against the City of Chicago.

Discovery in this matter has been lengthy, contentious, and complex. For purposes of this Motion, the Court will limit its discussion to Defendants' First Set of Requests to Admit Facts and the Genuineness of Documents, filed on July 2, 2008. Pursuant to Federal Rule of Civil Procedure 36, Plaintiffs were required to file answers to those requests within 30 days- by August 1, 2008. Plaintiffs failed to comply with Rule 36, and instead, more than one week after their Responses were due, filed a Motion to Extend Time 60 days through October 10, 2008. Defendants did not oppose the Motion, which the Court subsequently granted.

October 10, 2008 came and went without a Response from Plaintiffs. Pursuant to Rule 36(a)(3), Plaintiffs' failure to file their Responses resulted in default admissions. *United*

States v. Kasuboski, 834 F.2d 1345, 1350 (7th Cir. 1987). Relying upon Plaintiffs' Admissions, Defendants prepared for and conducted the depositions of all twelve Plaintiffs in November and early December of 2008. Plaintiffs' counsel did not attend any of those depositions.

More than sixty days after the October 10th deadline, and after Defendants had deposed all of his clients, Plaintiffs' counsel filed yet another motion seeking an extension of time to file Plaintiffs' Responses to Defendants' Requests to Admit. Defendants promptly opposed the Motion on December 12, 2008, noting that the Requests had been deemed admitted pursuant to Rule 36(a)(3). Plaintiffs were ordered to file a Reply to that Motion by January 20, 2009. Plaintiffs' counsel did not file a reply to his Motion to Extend Time, but did file the present Motion to Withdraw Admissions, on the January 20, 2009 deadline.

In the Motion, Plaintiffs' counsel claimed that he waited to file the Plaintiffs' Responses pursuant to a verbal agreement with Defendants. In their Response, Defendants label the purported verbal agreement a complete "fabrication;" Plaintiffs' counsel does not challenge Defendants' characterization in the Plaintiffs' reply.

DISCUSSION

Federal Rule of Civil Procedure 36(b) invests discretion in the Court to permit a party to withdraw admissions. *Banos v. City of Chicago,* 398 F.3d 889, 892 (7th Cir. 2005). Rule 36(b) provides:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Both the merits and prejudice prong of Rule 36(b) should be satisfied before withdrawal is permitted. *DeCola v. Kosciusko County Sheriff's Department,* 2007 WL 1650921, at *2 (N.D. Ind. June 5, 2007).

In this case, Plaintiffs assert that the merits will be subserved if their Admissions were permitted to stand, because they would be unable to succeed on the merits of this matter with respect to some Defendants. Specifically, by failing to timely respond to Defendants' Requests to Admit, six of the twelve Plaintiffs[1] have admitted that: 1) they were not present when the search warrant for the premises at 33 W. 110th Street,

---

[1] Pursuant to Rule 36, Plaintiffs Sharon Wilkins, the minor Rashi Gant, Marcus Jordan, David Stewart, Sharon Gant, and Henry Ella-Williams effectively admitted that they were not present at 33 W. 110th Street, Chicago IL, between approximately 8:00 and 10:00 pm, when a search warrant was executed.

4

Chicago, IL was executed on August 6, 2004 (the "search warrant"); and 2) they had no contact with seven of the eleven Defendant Officers[2] while the warrant was being executed.

Defendants counter that the deposition testimony of these Plaintiffs is consistent with their Rule 36 admissions, noting that: 1) several Plaintiffs admitted that they were not present while the warrant was being executed; and 2) none of these Plaintiffs identified any of the seven Defendant Officers as being present during the execution of the search warrant.

Plaintiffs claim that Defendants are improperly isolating the Plaintiffs' relevant testimony to make their point, and highlight deposition testimony tending to show that at least some of those six Plaintiffs were present when the warrant was executed[3]. Plaintiffs have not, however, come forward with any evidence directly contradicting their admissions with respect to Officers O'Neil, Mullen, Shannon, Hein, Waszak, Wojtan or Sanello.

---

[2] The seven referenced Defendant Officers are Robert O'Neil, William Mullen, Thomas Shannon, Mark Hein, Joe Waszak, Ken Wojtan, and Debra Sanello.

[3] The Court notes the inherent infirmities of relying upon a judge to parse through brief selections of conflicting and sometimes vague deposition testimony. Even the most conscientious judge is an inadequate substitute for zealous advocacy before an impartial panel of peers. By failing to timely respond to Defendants' Requests to Admit, Plaintiffs' counsel has unnecessarily subjected his clients' testimony to premature scrutiny.

5

While the relevant deposition testimony suggests that some of the Plaintiffs likely were <u>not</u> present when the warrant was executed, the evidence also indicates that at least some of these six Plaintiffs, like the minor Rashi Gant, likely were present while the search warrant was being executed. As such, the Court agrees that, at least with respect to some of these six Plaintiffs, permitting Plaintiffs to withdraw their admissions would promote the presentation of the merits.

However, the prejudice prong of the Court's inquiry weighs heavily in favor of denying Plaintiffs' Motion. For purposes of a Rule 36(b) Motion to Withdraw, courts recognize that prejudice "does not simply mean that the party who obtained the admissions will now have to argue the merits of the case. Rather, the prejudice must be based on the party's detrimental reliance on such admissions." *Paymaster Corp. v. Cal. Checkwriter Co.*, No. 95 C 3646, 1996 WL 543322, at *2 (N.D. Ill.1996) (citing *Hadley v. United States*, 45 F.3d 1345 (9th Cir.1995)).

Defendants have made such a showing in this case. This is not a case where Plaintiffs' Responses were a few days or even a few weeks late. *See Matthews v. Homecoming Financial Network*, 2006 WL 2088194, at * 3 (N.D Ill. July 20, 2006). To the contrary, Plaintiffs waited more than 60 days, and after Defendants completed twelve depositions, to file their Answers. Plaintiffs then waited almost six weeks more to file the Motion

6

to Withdraw Admissions, long after Defendants had reminded them of the consequences of their delays[4].

Also troubling is Plaintiffs' "explanation" for the lengthy delay. In the Plaintiffs' Motion, Plaintiffs' counsel indicated that he delayed filing the Plaintiffs' Responses pursuant to a verbal agreement with Defendants. Defendants denied the existence of any such agreement, and labeled counsel's assertion in this regard as a pure fabrication on Plaintiffs' counsels' part. Notably, Plaintiffs' Reply brief appears to abandon the claim that counsel's delay was the result of a "mistaken" belief that Defendants had verbally agreed to an extension. The Reply fails to address Defendants' "fabrication" accusation, neglecting to support the "verbal agreement" assertion with any explanation or evidence[5], not even an affidavit from counsel. In so doing, Plaintiffs' counsel offers no legitimate explanation for his material and excessive delay.

More importantly, Defendants reasonably relied upon the admissions in deposing all twelve of the Plaintiffs. Discovery

---

[4] Plaintiffs' counsel waited to file the Motion to Withdraw Admissions until January 20, 2009- the deadline for filing Plaintiffs' Reply for Plaintiffs' Motion for an Extension of Time to Answer Defendants' Requests to Admit. That Reply brief was never filed.

[5] In support of their assertion that no verbal agreement existed, Defendants noted that "[t]his court and defense counsel are well aware of plaintiffs' practice of drafting prolific letters and motions regarding ever [sic] minutiae of discovery practice in this case." Defs' Resp. at p. 2, n. 1.

7

in this matter has been lengthy, costly, and complex. Defendants filed their Requests for Admissions in July, and did not oppose Plaintiffs initial request for an extension, as the Plaintiffs' Responses were due on October 8, 2008-- weeks before the scheduled depositions. Defendants then prepared for and conducted the depositions of all twelve Plaintiffs in reliance upon the admissions, tailoring their questioning accordingly.

Although Plaintiffs' counsel purportedly spent considerable time preparing his clients, he did not attend the depositions. While Plaintiffs' counsel did not invest a significant amount of his time at the depositions, the Defendants' investment was considerable. To permit Plaintiffs to withdraw their admissions at this point would likely necessitate that Defendants undertake the costly and time-consuming task of redeposing these Plaintiffs. Defendants would clearly be prejudiced if the Court permitted the withdrawal. As the Advisory Committee Notes to Rule 36 state, "[u]nless the party securing the admission can rely on its binding effect, he [or she] cannot safely avoid the expense of preparing to prove the very matters on which he [or she] has secured the admission, and the purpose of the Rule is defeated." As such, the Court denies Plaintiffs' Motion to Withdraw Admissions Pursuant to Rule 36(b) [#310]. Plaintiffs' Motion for an Extension of Time to Answer Defendants' Requests to Admit [#299] is denied as moot.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiffs' Motion to Withdraw Admissions Pursuant to Rule 36(b).

Dated: March 20, 2009

E N T E R:

ARLANDER KEYS
United States Magistrate Judge