

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LANELL CRAFT, CURTIS FLOWERS, JOE GANT, SHARON WILKINS, individually, and on behalf of RASHI GANT, MARCUS JORDAN, DAVID STEWART, LARRY WILKINS, MARY WILKINS, SHARON GANT, JOSEPH WILKINS, and HENRY-ELLA WILLIAMS, | No. 06 C 1451 |
| PLAINTIFFS, | JUDGE ROBERT W. GETTLEMAN |
| vs. | |
| COREY FLAGG, EURAL BLACK, DAREK HAYNES, BRODERICK JONES, SARGEANT ROBERT O'NEIL, OFFICER WILLIAM MULLEN STAR NO. 12673, OFFICER SHANNON STAR NO. 16066, OFFICER HEIN STAR NO. 19700, OFFICER WASZAK STAR NO. 19258, OFFICER WOJTAN STAR NO. 8548, OFFICER SANELLO 17661, and the CITY OF CHICAGO, | MAGISTRATE JUDGE ARLANDER KEYS |
| DEFENDANTS. | |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Plaintiffs' Motion to Reconsider the Court's Denial of Plaintiff's Motion to Withdraw Admissions Pursuant to Rule 36(b). Plaintiff filed suit against the City of Chicago and eleven Chicago Police Officers, alleging various federal claims. After failing to file a timely response to Defendants' Request to Admit on two occasions, Defendants noted that the requests were deemed admitted, pursuant to the automatic operation of Federal Rule of Civil Procedure 36. Plaintiffs moved to withdraw those admissions, and the Court

denied the Motion, in a decision dated March 20, 2009. Because granting the Plaintiffs' Motion to Reconsider would not correct a manifest error of law or fact, the Motion is Denied.

**DISCUSSION**

Initially, the Court notes that, technically speaking, the Rules of Civil Procedure do not recognize Motions for Reconsideration. Courts generally address motions challenging the merits of an order or judgment pursuant to Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. In their Reply brief, Plaintiffs correctly note that Federal Rule of Civil Procedure 54(b) permits courts to revise interlocutory orders-- such as the Court's resolution of Plaintiffs' Motion to Withdraw Admissions-- at any time prior to the entry of judgment. *Curry v. Chateau del Mar, Inc.*, 2008 WL 5387118, at *1 (N.D. Ill. Dec. 22, 2008). *See generally, Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) ("Whether a motion filed within 10 days of the entry of judgment should be analyzed under either Rule 59(e) or 60(b) depends on the *substance* of the motion, not the timing or label affixed to it.")

In any event, "'a motion to reconsider should be . . . rare,' used primarily to correct serious errors of law or to present newly discovered evidence." *Curry*, 2008 WL 5387118, at *1, quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.* 906 F.2d 1185, 1191 (7th Cir. 1990) (noting that a motion for

reconsideration warrants serious consideration only if "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.") In analyzing a district court's denial of a motion to reconsider pursuant to Rule 54, the Seventh Circuit noted that a motion to reconsider does not present a litigant with an opportunity "to relitigate a motion it already had a chance to contest and lost." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 252 (7th Cir. 1987) ("'Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence.'")

Plaintiffs' Motion presents two theories, which, Plaintiffs argue, warrant reconsideration. The first theory goes to the merits of the Rule 36 Motion to Withdraw Admissions. In the Motion to Reconsider, Plaintiffs offer a more detailed version of their previous argument that Defendants failed to establish the requisite prejudice, and reiterate that the deemed admissions are inconsistent with the Plaintiffs' deposition testimony. Because the Court has already addressed and rejected Plaintiffs' contentions, see *Craft v. Flagg,* No. 06 C 1451, 2009 WL 762461, at *2 (N.D. Ill. Mar. 20, 2009), the Court denies the Motion on this basis. See *Southern Ill. Beverage Inc. v. Hansen Beverage Co.,* 2008 WL 906023, at *1 (S.D. Ill April 3, 2008) (noting that

the purpose of a Motion to Reconsider is not to offer litigants another "bite of the apple.")

Plaintiffs' counsel then asserts that he had a short and rather crowded time frame within which to reply to the Defendants' Response to the Rule 36 Motion. As such, counsel argues, he lacked the time to challenge Defendants' contention that an alleged verbal agreement extending the deadline for answering the Requests to Admit was fabricated[1]. Plaintiffs' counsel further asserts that, having already informed the Court of his belief in the existence of the verbal agreement, there was nothing more to add.

Both the Court and opposing counsel are well aware of Plaintiffs' counsel's strong predilection for documenting every significant- and many insignificant- communications between the parties. And yet, despite the seemingly substantial nature of the alleged extension agreement, Plaintiffs failed to submit any evidence documenting such an agreement. Upon Reconsideration, Plaintiffs' counsel inexplicably waited until filing his Reply brief to attach an affidavit stating his belief that the parties had an extension agreement. Defendants object to counsel's

---

[1] Counsel also presents the rather dubious argument that he apparently did not need to challenge the Defendants' contention that the verbal agreement was fictitious, because his conduct in failing to timely respond to the Requests to Admit was consistent with his belief that an agreement existed. The argument is farcical.

4

tactic, which denied them the opportunity to properly address the affidavit. However, Defendants concede that the substance of the affidavit hardly warrants a response. The Court agrees; Mr. Horwitz's late- filed affidavit sheds little light upon the underlying substantive issues. As such, the Court denies Reconsideration on this basis.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiffs' Motion to Reconsider Denial of Plaintiffs' Motion to Withdraw Admissions Pursuant to Rule 36(b).

Dated: May 22, 2009     E N T E R:

*[signature]*
ARLANDER KEYS
United States Magistrate Judge