MHK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LANELL CRAFT, CURTIS FLOWERS, JOE GANT, SHARON WILKINS, individually, and on behalf of RASHI GANT, MARCUS JORDAN, DAVID STEWART, LARRY WILKINS, MARY WILKINS, SHARON GANT, JOSEPH WILKINS, and HENRY-ELLA WILLIAMS, <br><br> PLAINTIFFS, <br><br> vs. <br><br> COREY FLAGG, EURAL BLACK, DAREK HAYNES, BRODERICK JONES, SARGEANT ROBERT O'NEIL, OFFICER WILLIAM MULLEN STAR NO. 12673, OFFICER SHANNON STAR NO. 16066, OFFICER HEIN STAR NO. 19700, OFFICER WASZAK STAR NO. 19258, OFFICER WOJTAN STAR NO. 8548, OFFICER SANELLO 17661, and the CITY OF CHICAGO, <br><br> DEFENDANTS. | No. 06 C 1451 <br><br> JUDGE ROBERT W. GETTLEMAN <br><br> MAGISTRATE JUDGE ARLANDER KEYS |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Plaintiffs' Motion to Reconsider the Court's Denial of Plaintiff's Motion to Allow BrainMaker Discovery. This Court denied Plaintiffs' Motion to Allow BrainMaker Discovery on December 16, 2008, and then denied Plaintiffs' Motion to Reconsider that decision on January 12, 2009. Judge Gettleman denied Plaintiffs' objections to this Court's rulings on April 28, 2009. Plaintiffs' fourth attempt to force the City to unearth documents relating to the trial implementation of BrainMaker software in the late 1990s fares no better; Plaintiffs' most-recent Motion merely reasserts

previously raised arguments, which the Court has already addressed and rejected. The Court denies the Motion on this basis. *See Southern Ill. Beverage Inc. v. Hansen Beverage Co.*, 2008 WL 906023, at *1 (S.D. Ill April 3, 2008) (noting that the purpose of a Motion to Reconsider is not to offer litigants another "bite of the apple.")

## Discussion

Courts generally address motions challenging the merits of an order or judgment pursuant to Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. "'[A] motion to reconsider should be . . . rare,' used primarily to correct serious errors of law or to present newly discovered evidence." *Curry v. Chateau del Mar, Inc.*, 2008 WL 5387118, at *1 (N.D. Ill. Dec. 22, 2008), quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.* 906 F.2d 1185, 1191 (7th Cir. 1990) (noting that a motion for reconsideration warrants serious consideration only if "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.") The Seventh Circuit has confirmed that a motion to reconsider does not present a litigant with an opportunity "to relitigate a motion it already had a chance to contest and lost." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 252 (7th Cir. 1987) ("'Motions for reconsideration serve a limited function; to correct manifest

errors of law or fact or to present newly discovered evidence.'")

Evidence is "newly discovered" for purposes of reconsideration, if the evidence was both previously unknown and if reasonable diligence could not have uncovered such evidence. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.* 90 F.3d 1264, 1269-70 (7th Cir. 1996) (quotations omitted). Plaintiffs argue that "recently-produced[1]" CRs constitute new evidence warranting reconsideration. The Court disagrees. While these CRS were produced to Plaintiffs after the issuance of this Court's initial decision denying BrainMaker discovery in December of 2008, the conduct described in these CRS does not differ dramatically from that described in previously-produced CRS. Notably, the "Table of Misconduct" submitted by Plaintiffs in support of previous BrainMaker discovery motions describes similar types of allegations against Defendants Flagg, Jones, Haynes, and Black. *See* Defs. Ex. C to Response to Plaintiffs' Motion to Reconsider. In their previous Motions, Plaintiffs specifically argued that these Defendants were charged with similar instances of misconduct for years before they allegedly violated Plaintiffs' rights. Plaintiffs' most recent Motion for Reconsideration fails to explain what materially new information they discovered in the recently produced CRs. Because this

---

[1] Plaintiffs identify CRrs produced after this Court's initial decision in December of 2008 as recently produced.

3

evidence is substantially consistent with evidence that was in Plaintiffs' possession before January of 2009, the Court rejects Plaintiffs' contention that the recently produced CRS constitutes newly- discovered evidence warranting reconsideration.

Similarly, the Seventh Circuit's recent decision in *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293 (7th Cir. 2010), does not reveal the Court's prior determinations to be manifestly erroneous. In *Thomas*, the Seventh Circuit upheld a judgment against individual officers and Cook County following the death of a pre-trial detainee. The *Thomas* defendants had ignored repeated requests, over a period of several days, for medical care made by both the decedent and concerned inmates. The *Thomas* court found that there was ample evidence supporting the jury's verdict of *Monell* liability, stating that:

> There was evidence of a widespread practice of failing to review inmates' timely filed medical requests, such as testimony from the supervisor for Cermak's CMTs, Woodroe Winfrey, that the medical request forms, were not collected every day. The request forms were placed in a locked box, to which at the time of Smith's death, many CMTs did not have keys. Further testimony suggested that many CMTs had not been told how to obtain keys to the lockboxes, that some CMTs were not turning in their daily encounter forms (which would disclose whether they collected medical request forms) and that Cermak did not have a reporting system for informing supervisors when CMTs failed to make their daily rounds.

*Id.* at 303.

The Seventh Circuit's ruling was grounded in the long-standing doctrine that a municipality is liable for its harmful

customs or practices when a plaintiff shows that the municipality was indifferent to the known and obvious consequences and that this indifference proximately caused the constitutional harm. *Thomas* 604 F.3d at 303 (citing *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002)). The Seventh Circuit's decision in no way suggests that the *Thomas* defendants' possible consideration of other procedures, undertaken a decade before the underlying incident, might have been relevant to the issue of *Monell* liability.

Even if the *Thomas* decision or the recently produced CRs warranted a fresh look at Plaintiffs' request, the outcome would remain the same. Plaintiffs' success or failure on its *Monell* claims turns on their ability to demonstrate that the Defendants' deliberate indifference to abuses by its officers proximately caused Plaintiffs' injuries. "A governmental body's policies must be the moving force behind the constitutional violation before we can impose liability under *Monell*." Thomas, 604 F.3d at 306 (citations omitted). As such, the Defendants' customs and practices with regard to detecting and disciplining officer misconduct are clearly relevant and discoverable.

However, the Defendants' consideration of the BrainMaker software in the early 1990s is simply too attenuated and too remote to establish this causation or liability. The Supreme Court has held that evidence that a municipality could have done

something more or better is insufficient to establish causation in a § 1983 claim. *City of Canton v. Harris*, 489 U.S. 378, 391-92 (1989) (evidence of what the city could have done insufficient to establish liability). As such, the Court will not require the Defendants to undertake the unduly burdensome task of producing evidence on every or any technique it considered over the past sixteen years to detect and root out officer misconduct.

The affidavits produced by Plaintiffs do not compel a different result. Plaintiffs have submitted an affidavit from BrainMaker's creator, Mark Lawrence, as well as an expert-affidavit and report by former Chicago Police Superintendent Richard Brzeczek. This evidence espouses the affiants' beliefs that the BrainMaker software was superior to the methods utilized by Defendants to root out police misconduct and corruption. The Court has already determined that this type of more and better evidence is insufficient to establish *Monell* liability, and, absent a material link between the Defendants' consideration of a purportedly superior detection method in 1994 and the Plaintiffs' injuries, is too speculative to warrant discovery into this matter.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiffs' Motion to Reconsider Denial of Plaintiffs' Motion to Allow Brainmaker Discovery.

Dated: December 13, 2010     E N T E R:

*[signature]*
ARLANDER KEYS
United States Magistrate Judge