IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LANELL CRAFT, CURTIS FLOWERS, JOE GANT, SHARON WILKINS, individually, and on behalf of RASHI GANT, MARCUS JORDAN, DAVID STEWART, LARRY WILKINS, MARY WILKINS, SHARON GANT, JOSEPH WILKINS, and HENRY-ELLA WILLIAMS, <br><br> PLAINTIFFS, <br><br> vs. <br><br> COREY FLAGG, EURAL BLACK, DAREK HAYNES, BRODERICK JONES, SARGEANT ROBERT O'NEIL, OFFICER WILLIAM MULLEN STAR NO. 12673, OFFICER SHANNON STAR NO. 16066, OFFICER HEIN STAR NO. 19700, OFFICER WASZAK STAR NO. 19258, OFFICER WOJTAN STAR NO. 8548, OFFICER SANELLO 17661, and the CITY OF CHICAGO, <br><br> DEFENDANTS. | No. 06 C 1451 <br><br> JUDGE ROBERT W. GETTLEMAN <br><br> MAGISTRATE JUDGE ARLANDER KEYS |

**Memorandum Opinion and Order**

Currently before the Court is Defendant Officers William Mullen, Mark Hein, Kenneth Wojtan, Thomas Shannon and Robert O'Neill's ("Defendants") motion to enforce Plaintiffs' compliance with discovery plan, bar and dismiss certain claims against Defendants and to strike and bar Plaintiffs' supplemental Federal Rule of Civil Procedure 26(a) disclosures (the "Motion"). [ECF No. 515] For the reasons set forth below, Defendants' Motion is granted in part and denied in part.

**Background Facts**

On March 16, 2006, Plaintiffs filed a Complaint against the

Defendants and the City of Chicago, alleging violations of the Racketeering Influence Corrupt Organizations Act ("RICO"); conspiracy under 42 U.S.C. § 1983; false arrest and excessive force under the Fourth Amendment of the United States Constitution; substantive due process violations under the Fourteenth Amendment; conspiracy to commit false arrest; a § 1983 equal protection class of one claim; and *Monell* and indemnity claims against the City of Chicago. Plaintiffs have amended the Complaint and the operative complaint is the Fourth Amended Complaint. [ECF No. 171]

The parties have been conducting discovery in this case for over four years. Discovery has been lengthy, contentious, and complex. For purposes of this Order, the Court will limit its discussion of discovery to Plaintiffs' Rule 26(a) disclosures and the related interrogatories.

On June 10, 2010, Plaintiffs made Rule 26(a) disclosures naming additional individuals. (Mot. at Ex. B.) On October 4, 2010, Defendants served interrogatories on these individuals. (Mot. at 2, Ex. B-D.) On October 15, 2010, Defendant Robert O'Neill served interrogatories on all Plaintiffs. (Mot. at Ex. E.)

At the December 1, 2010 hearing, Defendants advised the Court that Plaintiffs had not provided current addresses or full names for the following previously disclosed Rule 26(a)(1)

witnesses: Bernard Maggiefield, Michael Jordan, "Steven," "Mike," "Joe," Otis Wyrick, Michael Jackson, Coretta Williams, Lisa Mitchell and Bernard Rodgers. On December 1, 2010, the Court extended discovery to March 31, 2011, and ordered:

> By 1/18/11, Plaintiff[s] [are] to disclose to counsel for Defendants, the last names and/or addresses of all additional witnesses. The Court will bar any additional witnesses whose address are not disclosed to Defendant by the said deadline. [ECF No. 494]

On December 8, 2010, the Court entered a revised discovery plan. [ECF No. 497]. In ¶2 of the plan, the Court ordered Plaintiffs to provide addresses for witnesses listed in the Rule 26(a)(1) Disclosures that Plaintiffs have in their possession, or that Plaintiffs learn, in accordance with the December 1, 2010 Order. In ¶ 5 of the plan under "Outstanding Written Discovery," the Court ordered Plaintiffs to answer the interrogatories served in October 2010 by December 27, 2010.

Defendants filed the Motion on February 3, 2011 requesting that, pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs' witnesses listed in the June 10, 2010 supplemental Rule 26(a) disclosures be stricken and barred based on Plaintiffs' repeated failure to provide information required by Rule 26(a) and to answer interrogatories. Defendants also request that the Court strike and dismiss allegations of the Fourth Amended Complaint which are the subject of the interrogatories. Plaintiffs filed a response to the Motion and

3

Defendants filed a reply. [ECF Nos. 529, 532] In addition to their response to the Motion, Plaintiffs filed a motion for an extension of time to answer the interrogatories. [ECF No. 530] On March 4, 2011, the Court granted Plaintiffs an additional five days to answers the interrogatories that Defendants propounded in October 2010. [ECF No. 533] On March 15, 2011, Plaintiffs served belated answers to these written interrogatories. (Supp. Reply at Exhibit A.)

## Discussion

According to Rule 26(a)(1)(A)(i), unless otherwise exempted, a party must provide to the other parties:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The Court advised Plaintiffs' counsel on December 1, 2010 that witnesses not properly disclosed by January 18, 2011 would be barred. Aside from a new address for Otis Wyrick, Plaintiffs did not update their disclosures as the Court ordered and they are required to do timely under Rule 26(e) so as not to delay discovery.

4

In their response brief, Plaintiffs inform the Court and Defendants, for the first time, that they do not intend to call the following fourteen individuals that they included in their disclosures: Bernard Maggiefield, Michael Jordan, "Steven," "Mike," "Joe," Michael Jackson, Tamika Sandifer, Cesar Henderson, Deanna Brown, Leonard Brown, Velma Ford, Michelle Reed, Lupe Diaz, and John White. (Resp. at 3.) Therefore, Plaintiffs are barred from presenting these witnesses, or evidence from these witnesses, at trial.

This information that Plaintiffs include in their briefing should have been communicated to the other parties in this action when Plaintiffs knew it, long before a motion was filed regarding these issues. In addition, it is unclear to the Court as to whether the parties satisfied their obligations under Local Rule 37.2 before filing the Motion. And if so, why these issues were not addressed during the Local Rule 37.2 conference, instead of resolving issues before the Court and wasting Court resources.

Now that the parties have disregarded judicial economy and determined their issues of disagreement through briefing, the unresolved issues are more limited than originally presented to the Court. The individuals, who Plaintiffs have disclosed and Defendants request be barred, are Josephine Overton/Tolefree, Adel Matari, Otis Wyrick, and Coretta Willaims. In their response brief, Plaintiffs state that these individuals' phone

5

numbers were provided to Defendants' counsel (though Defendants claim they are obsolete) and that these individuals will be produced for their depositions by way of subpoena "within the next ten days" (by 3/7/2011). (Resp. at 2.) Plaintiffs also state that the addresses are the subject of a subpoena to the individuals' respective telephone companies as these witnesses "have been unwilling to tender their current addresses." (Id. at 3.) Plaintiffs also supplement their disclosures in their response brief by stating that Dave O'Callaghan was an employee of the Chicago Police Department in 2003 and that they are unable to locate Sydney Upchurch. (Id.) It is unclear from their submission whether Plaintiffs intend to call these two witnesses.

In their response brief, Plaintiffs argue that their counsel has been working diligently. Plaintiffs also state that the delay in responding to certain requests is due to the hospitalization of Plaintiffs' lead counsel's wife. (Resp. at 3.) The Court sympathizes with family situations and allows extensions of time. However, there are twelve counsel of record for Plaintiffs in this case besides lead counsel. The information presented in Plaintiffs' response brief should have been communicated to Defendants' counsel earlier. Plaintiffs' delay in discovery and noncompliance with deadlines set by the Court will not be tolerated. Withholding this information has wasted judicial resources and shows a lack of respect for

Defendants' counsel and the Court. However, based on Plaintiffs' amended witness list and their recent efforts to locate and depose Josephine Overton/Tolefree, Adel Matari, Otis Wyrick, Coretta Willaims, Dave O'Callaghan, and Sydney Upchurch, Defendants' request to bar trial testimony or other evidence from these six witnesses is denied at this time. The parties are to file a joint status report, by April 26, 2011, informing the Court as to whether they have located these witnesses, whether they intend to call them, whether they were deposed by the March 31, 2011 discovery deadline, and if not, the reason for delay. If neither side is able to contact or gain cooperation from these witnesses by April 29, 2011, they will be barred.

As for the unanswered interrogatories, in their supplement to the Motion [ECF No. 535], Defendants acknowledge that Plaintiffs served answers to the subject interrogatories on March 15, 2011. Defendants state that they sent a letter, pursuant to Local Rule 37.2, to Plaintiffs setting forth the alleged deficiencies in these answers and providing additional time to Plaintiffs to more fully answer the interrogatories. Therefore, Defendants' request regarding the interrogatories are denied as moot at this time. The parties are cautioned that they are to meet their obligations of Local Rule 37.2 prior to filing any future motions regarding these interrogatories. If issues remain, the parties should conduct a Local Rule 37.2 conference in good faith. This conference is to take place in person, not

through letters or e-mail.

### Conclusion

For the reasons set forth above, Defendants' Motion is granted in part and denied in part. The parties are to file a joint status report, as explained above, by April 26, 2011. The status hearing set for April 29, 2011 at 9:00 a.m. stands.

Dated: April 19, 2011           E N T E R:

                                _____
                                ARLANDER KEYS
                                United States Magistrate Judge